```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMIE HEMBERGER, : | CIVIL ACTION NO. 07-3805 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : |  |
| MANSFIELD TOWNSHIP BOARD OF : EDUCATION, et al., : |  |
| Defendants. : |  |

**THE COURT** ordering the defendants to show cause why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § 1331 (dkt. entry no. 3); and the plaintiff bringing this action in state court to recover damages under state law for (1) violations of the New Jersey Conscientious Employee Protection Act, (2) wrongful termination of employment, (3) emotional distress, and (4) defamation (dkt. entry no. 1, Compl.); and the plaintiff asserting that the defendants terminated her employment as a paraprofessional because she reported to the New Jersey Division of Youth & Family Services that preschool autistic children were being mistreated in violation of (1) the Individuals with Disabilities Act, 20 U.S.C. § 1400, et seq., particularly 20 U.S.C. § 1412(a), (2) the Rehabilitation Act, 29 U.S.C. § 794, (3) the Constitution, and thus apparently 42 U.S.C. § 1983, and (4) state law (Compl., at 4-5); and the defendants removing the action, and alleging

jurisdiction under 28 U.S.C. § ("Section") 1331, because (1) the plaintiff "alleges that she was the subject of adverse employment action as a result of alleged reporting of violations of said federal statutes", and (2) the "conduct of the [defendants] and the employment action taken with respect to plaintiff directly raises questions arising under the laws of the United States" (dkt. entry no. 1, Rmv. Not., at 2); and the defendants bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that the plaintiff seeks no relief under federal law; and it appearing that a plaintiff is "the master of the claim" under the well-pleaded complaint rule, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); and it appearing that the references to federal law do not give rise to jurisdiction under Section 1331, see Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12 (1983); and it appearing that federal law does not "create[] the cause of action" here, id. at 27-28; and it appearing that the defendants' assertion that jurisdiction here "arises under" federal law is without merit, as the plaintiff's claim "does not fit within th[at] special and small category", and "it takes more than a federal element to open the 'arising under' door", Empire Healthchoice Assur. v. McVeigh, 126 S.Ct. 2121, 2136-37 (2006) (quotes and cite omitted); and it appearing

that a state tort law claim is not transformed into a federal cause of action merely because a court will be called upon to determine whether there was an underlying federal violation, Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 813-17 (1986) (affirming remand of state negligence claim that was based on theory that defendant violated federal law), see JVC Ams. Corp. v. CSX Intermodal, 292 F.Supp.2d 586, 592 (D.N.J. 2003) (stating action should be remanded when federal law merely referenced or mentioned in claim), Hunter v. Greenwood Trust Co., 856 F.Supp. 207, 214-15 (D.N.J. 1992) (granting motion to remand state law claim, even though complaint cited underlying federal law); and

**THE COURT** thus ordering the defendants to show cause why the action should not be remanded for lack of jurisdiction; and the defendants, in response, citing Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), which concerned a quite title action under state law, and PNC Bank v. PPI Electric Utilities Corp., 189 Fed.Appx. 101 (3d Cir. 2006), which concerned an action brought under state law for a judgment declaring how assets in a trust were to be distributed (dkt. entry no. 4, Defs. Br., at 4-6); and it appearing that Grable and PNC both held that federal jurisdiction respectively existed because significant federal issues, i.e., interpretation of sections of the Internal Revenue Code, were implicated, see Grable, 545 U.S. at 314-15 (concerning IRS notice of property

seizure), PNC, 189 Fed.Appx. at 104 n.3 (concerning trust-asset distribution); but

    **IT APPEARING** that Grable and this case are "poles apart", as the "dispute [in Grable] centered on the action of a federal agency (IRS) and its compatibility with a federal statute," and "its resolution was both dispositive of the case and would be controlling in numerous other cases", whereas this employment action "was [not] triggered . . . by the action of any federal department, agency, or service," Empire, 126 S.Ct. at 2136-37; and it appearing that (1) the PNC parties disagreed whether certain assets should be distributed in light of a specific section of the Internal Revenue Code, id. at 103-04, and (2) the PNC court relied on Grable, and thus was concerned about the controlling effect of a determination on other cases involving the same section, id. at 104 n.3; and

    **IT APPEARING** that, under Grable and PNC, a federal court should refrain from declining jurisdiction in a case concerning the interpretation of the federal tax code if a state court would then be required to reach a determination; and it appearing that there are no such federal tax issues here; and the defendants citing no case addressing whether a federal court should exercise jurisdiction in an action brought by a plaintiff seeking whistleblower protection under state law for reporting alleged

4

violations of federal law, see Merrell, 478 U.S. at 813-17; and the Court not being persuaded by the defendants' arguments; and the Court thus intending to (1) grant the order to show cause, and (2) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

**Dated:** November 1, 2007